FILED
12th JUDICIAL DISTRICT COURT
Otero County
10/15/2020 9:20 AM
KATINA WATSON
CLERK OF THE COURT
Leticia Santos McPherson

STATE OF NEW MEXICO
OTERO COUNTY
TWELFTH JUDICIAL DISTRICT COURT

MICHAEL HALL and JAMES HALL,

      Plaintiffs,

v.

      case no. D-1215-CV-2020-00748

ENSUREM II LLC and Jane Does 1-5,

      Counts, James Waylon

      Defendants.

## COMPLAINT FOR VIOLATIONS OF THE UNFAIR PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND TORTS

TO THE HONORABLE COURT:

1.     Plaintiffs Michael Hall and James Hall ("Plaintiff") is a real person who may be contacted through his undersigned attorney.

2.     Plaintiff brings this action in accordance with New Mexico state-law and the anti-harrassment provisions of the Telephone Consumer Protection Act ("the TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

3.     The TCPA and the FTC's Telemarketing Sales Rule ("the TSR") established the National Do-Not-Call Registry ("the Registry"). The Registry allows people to list their telephone numbers and thereby indicate their instructions to NOT receive telephone solicitations. *See* www.donotcall.gov

1



4.      Telemarketers are required by law to subscribe to and comply with the Registry.  NMSA § 57-12-22(C);   47 U.S.C. § 227(C)(3)(F-G);   16 C.F.R. Part 310;   47 C.F.R. § 64.1200(c).

5.      "[U]nwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the FCC.  *See Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780 ¶1 (July 10, 2015).1

6.      "39 percent of adults were wireless-only in the second half of 2013[.]" *Id.* at paragraph 7. Nearly 50% of all calls to cell phones are now robocalls.2

7.      The New Mexico Unfair Practices Act ("the UPA") and the TCPA each established private rights of action to receive statutory damages for unlawful robocalling and for violations of the Registry's implementing regulations.

## Venue and Jurisdiction

8.      Plaintiff and their telephone were in the State of New Mexico at the time of the illegal telemarketing the subject of this Complaint that Defendants and/or their agents harassed him with. Plaintiffs reside in Otero County.  Venue is proper and the Court has subject matter jurisdiction.

9.      Defendants do business within New Mexico because Defendants or their agents regularly, repeatedly telephone the phones of New Mexicans located within New Mexico for the purpose of advertising products and services.  Defendants authorized and approved telemarketing to sell products and services throughout the State of New Mexico.  By directing telemarketing phone

---

1.   The FCC defines "robocalls" as "calls that require consumer consent" including "calls made either with an [autodialer] or with a prerecorded or artificial voice". *Rules Implementing the TCPA*, CG Docket No. 02-278, Declaratory Ruling and Order released on 7/10/15, 30 FCC Rcd. 7961, fn 1.

2.   Senate Committee (US) on Commerce, Science and Transportation, Report 116-41 issued on 5/21/19 for the Telephone Robocall Abuse Criminal Enforcement and Deterrence Act, page 2 with citations.

calls into the forum state, Defendants made themselves subject to the specific personal jurisdiction of the courts of the forum state.

10.     Defendant Ensurem II LLC ("Ensurem" or "Defendants") is a Delaware limited liability company that may be served a Summons by service on its manager David Rich or its registered agent Registered Agents Inc. at 7901 4th St. N., #300, St. Petersburg, FL 33702.

11.     Defendants Jane Does 1-5 ("Jane Does" or "Defendants") are real persons or entities who substantially directed, operated, controlled and/or participated with the other Defendants named above in the telemarketing conspiracy described in this Complaint that harassed Plaintiff, including the callers who actually initiated the calls at issue to Plaintiff.   Their identities and whereabouts will be discovered so that process can be duly served on them.

### The Illegal Phone Calls to Plaintiff Defendants are Responsible For

12.     One of Plaintiff's telephones is a wireless or cell phone assigned the number **575-446-2705**.  All references herein to Plaintiff's phone refer to their wireless or cell phone assigned the number 575-446-2705.   All robocalls described below were made to Plaintiff's cell phone.

13.     Jane Does have repeatedly robocalled Plaintiff using an auto-dialer, or have caused others to repeatedly robocall Plaintiff ("the calls").

14.     Plaintiff states Defendants calls were made with an auto-dialer or automatically because Jane Does use a standardized, scripted sales pitch in the calls whereby the actual callers fail and refuse to properly identify themselves and the Sellers or sponsors of the calls as required by law. These characteristics are hallmarks of automated dialing not directed to any individual in particular but to whoever may answer or happen to be using the phone number dialed.

3

15.     On October 13, 2020  Jane Does called Plaintiff's phone with a device that caused Plaintiff's Caller ID to display the phone number "603-250-6602".

16.     "603-250-6602" is a legitimate phone number used and controlled by Jane Does for communications to and from consumers.

17.     Solely for the purpose of identifying the Defendants responsible for the calls, Plaintiff allowed himself to be transferred by a live telemarketer, during a communication with Jane Does at the phone number 603-250-6602.    Jane Does transferred Plaintiff to Ensurem and Ensurem thereafter sent Plaintiff the attached email identifying Ensurem as the party Jane Does have been calling on behalf of.

18.     The Ensurem telemarketer Plaintiff had been transferred to said on the phone his name was "Max".    The email from Ensurem promoted the insurance products "Max" had promoted to Plaintiff on the phone.

19.     The calls to Plaintiff described above were telephone solicitations Defendants made or caused to be made to encourage the purchase of insurance for personal or household use.

20.     Plaintiff never gave prior express written consent to receive telephone solicitations from Defendants and has never had any prior relationship with Defendants.

21.     Defendants' calls complained of herein aggravated and harrassed Plaintiff, wasted his time, invaded his privacy, disrupted his days, were an obnoxious nuisance and cost Plaintiff electricity to recharge his phone.

22.     Defendants do not subscribe to or comply with the Registry.

23.     Defendants have not adopted or implemented policies or practices to comply with the TSR.

24.     Defendants do not train or supervise their Jane Does for telemarketing compliance.

4

25.     Telemarketing to phone numbers listed on the Registry results in consumer complaints. Based on the numbers of consumer complaints to and about their telemarketers Jane Does, Defendants had an actual awareness or should have had an actual awareness that their agents actually making or initiating telephone solicitations, including the calls to Plaintiff described above, telephone people who object to the calls, to people who did not consent to them, and to people whose telephone numbers are listed on the Registry.

26.     Defendants are aware that consumers they call including Plaintiff did not actually consent to the calls, and that their calls are directed to phone numbers listed on the Registry, because the phone numbers Jane Does use to robocall consumers including 603-250-6602 allow the consumers to call back and complain about the calls.   Defendants are also aware because some consumers allow themselves to be transferred by Jane Does to Ensurem, so that they can also make complaints in that manner.

27.     If Defendants are not actually aware as set forth above they consciously avoid becoming aware or they are recklessly indifferent to the use of robocalls directed to consumers who object to the calls and to phone numbers listed on the Registry.

28.     Defendants intentionally use robocalling because it allows for thousands of automated sales calls to be initiated in a very short period of time, but their sales representatives or telemarketers only need actually spend time on the phone with consumers who respond positively.  Defendants thereby illegally shift the cost of aggravation and wasted time to the public at large and away from themselves where it belongs.

29.     Defendants gave and continue to give substantial assistance or support to Jane Does and each other while knowing, consciously avoiding knowing or being recklessly indifferent to the fact

5

that they are all engaged in acts or practices that violate the UPA, TCPA and the FTC's Telemarketing Sales Rule ("the TSR").

30.     Defendants' conduct set forth herein and directed at Plaintiff in New Mexico was knowing and willful.

31.     Defendants' conduct set forth herein and directed at Plaintiff in New Mexico was intentional, conscious, deliberate and volitional.

32.     Plaintiff's phone number referred to above that Defendants or their co-conspirators repeatedly called, has at all relevant times been continuously listed on the National Do-Not-Call Registry ("the Registry").

33.     All the telephone solicitations to Plaintiff described above occurred within a single 12-month period.

### Defendants' Direct or Vicarious Liability

34.     For 25 years now the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995). *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra LLC*, 400 F.Supp.3d 1189, 1226 (D. NM 2019). The FCC has rejected a narrow view of liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.*

35.     "[A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy

6

for telemarketing intrusions.  This would particularly be so if the telemarketers were *judgment proof, unidentifiable, or located outside the United States, as is often the case* . . . . . . As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy." May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

36.    A direct connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendants so they could all profit from a common enterprise in which they all substantially participated.

37.    Ensurem is either directly responsible for one or more of the calls described above or it is vicariously liable for the calls complained of by Plaintiff herein because it:

   a)    authorized Jane Does to initiate the phone calls;

   b)    directly or indirectly controlled the persons who actually made or initiated the calls;

   c)    allowed the telemarketers access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they  would not be able to sell using robocalling;

   d)    allowed the telemarketers to enter or provide consumer information into Defendants' sales or operational systems;

   e)    approved, wrote, reviewed or participated in developing the telemarketing sales scripts;

   f)    Defendants reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance;  OR

7

g)      Defendants gave substantial assistance or support to Jane Does and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that Jane Does were engaged in acts or practices that violated the TCPA, the UPA and/or  TSR.

38.     Defendants ratified the robocalls to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were calling phone numbers listed on the Registry without complying with the Registry.

39.     Jane Does apparently had Ensurem's authority for the calls because after Plaintiff expressed interest in their standardized sales pitch solely for the purpose of attempting to identify the parties responsible for the calls, Jane Does transferred Plaintiff directly to Ensurem so Ensurem could continue the telephone solicitation.

### FIRST  SET OF CLAIMS FOR RELIEF  - UPA Violations

40.     Plaintiff hereby brings this action pursuant to the New Mexico Unfair Practices Act ("the UPA") to recover his statutory damages for each violation of the UPA and his attorney fees.  As set forth above Defendants' conduct was knowing and/or willful therefore Plaintiff is entitled to and should be awarded treble his statutory damages.

41.     The calls to Plaintiff described above violated  NMSA §57-12-22(B)(1)  and §57-12-22(C)(1).  Plaintiff should be awarded $300 for each separate and distinct violation of the statute.

42.     Each call to Plaintiff from Defendants the subject of this matter was also an actionable unfair or deceptive trade practice because each call violated  § 310.4 of the Telemarketing Sales Rule.

8

43.     Defendants additionally distinctly violated the UPA because pursuant to 16 C.F.R. §310.3(b):   "It is a deceptive telemarketing act or practice and a violation of this Rule for a person to provide substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates §§310.3(a), (c) or (d), or §310.4 of this Rule."

### SECOND SET OF CLAIMS FOR RELIEF - Violations of the TCPA's Subsection B

44.     The foregoing acts and omissions of Defendants or their agents on their behalf constitute m4ultiple violations of 47 U.S.C. § 227(b) and its implementing regulations.

45.     Plaintiff is entitled to and should be awarded against Defendants $500 in damages for each and every violation of the TCPA's Subsection B and its implementing regulations. Because Defendants' conduct set forth above was knowing and/or willful Plaintiffs are entitled to and should be awarded treble damages of up to $1,500 for each and every violation.

### THIRD SET OF CLAIMS FOR RELIEF - Violations of the TCPA's Subsection C

46.     Defendants or Defendants' agents on Defendants' behalf made telephone solicitations to Plaintiff more than once within 12 months despite the fact his phone number Defendants or their agents called has been continuously listed on the Registry at all relevant times.

47.     For each of Defendants' calls to Plaintiff the subject of this Complaint, Plaintiff should recover up to an additional $1500 pursuant to 47 U.S.C. § 227(C).

9

## COMMON-LAW CLAIMS

48.     Plaintiff hereby sues Defendants for trespass to chattels and for their civil conspiracy to direct an illegal telemarketing campaign into the State of New Mexico and to Plaintiff in particular.

49.     As set forth and described above, Defendants' conduct was knowing, willful, wanton, reckless and/or intentional with conscious or deliberate disregard of Plaintiff's right to not be subjected to Defendants' illegal harassment.

50.     Plaintiff should have and recover judgment against Defendants for all his actual damages or all his statutory damages, and for an amount of nominal plus exemplary damages sufficient to set an example and deter in the future the conduct complained of by Defendants or others.

51.     Telemarketing campaigns generally place calls to hundreds or thousands of potential customers *en masse*.   The Court should allow discovery regarding Defendants' net worth and the scope of Defendants' telemarketing as described above into the State of New Mexico, in order to set an appropriate amount of exemplary or deterrent damages considering the extent of unlawful harassment by Defendants and their ability to pay.

WHEREFORE, Plaintiff prays for entry of judgment for  -   his statutory, actual and/or treble damages sufficient in size to set an example and deter in the future the conduct complained of by Defendants or others.   Plaintiff prays for appropriate exemplary or deterrent damages and for such other and  further relief as the court finds proper.   Plaintiff requests an award of his attorney fees and costs.

10

RESPECTFULLY SUBMITTED.

By:

Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

11

## Fw: Summary of benefits

### Michael Hall <michaelhall_1966@yahoo.com>
Tue 10/13/2020 2:45 PM

**To:** Sid Childress <childresslaw@hotmail.com>

🔲 3 attachments (6 MB)
documentsH5216199000_sb.pdf; SB_2020_H9431_001_EN (1).pdf; documentsH5216196001_sb.pdf;

This is concerning the number (603)-250-6602

----- Forwarded Message -----
**From:** Maximiliano Matamoros <mmatamoros@ensurem.com>
**To:** michaelhall_1966@yahoo.com <michaelhall_1966@yahoo.com>
**Sent:** Tuesday, October 13, 2020, 2:35:29 PM MDT
**Subject:** Summary of benefits



## Maximiliano I Matamoros

Licensed Insurance Agent

(855)-695-8210 ext 1030

mmatamoros@ensurem.com
www.ensurem.com
Ensurem, LLC I 15500 Roosevelt Blvd. Ste. 304 I Clearwater, FL 33760



| SUMMONS | |
|---|---|
| **Twelfth Judicial District Court**<br>Otero County, New Mexico<br>1000 New York Ave.<br>Alamogordo, NM 88310<br>**Court Telephone:** (575) 437 - 7310 | Case Number:D-1215-CV-2020-00748<br><br>Judge: Counts, James Waylon |
| Plaintiffs:<br>MICHAEL HALL   and   JAMES HALL<br>v.<br>Defendants:<br>ENSUREM II LLC and Jane Does 1-5 | Defendant name:<br>ENSUREM II LLC<br>Address:          c/o   your   registered   agent<br>Registered Agents Inc. at 7901 4th St. N. #300,<br>St. Petersburg, FL 33702 |

**TO THE ABOVE NAMED DEFENDANT:** Take notice that:

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Alamogordo, New Mexico, this 15_____ day of October_____, 2020

Katina Watson
CLERK OF COURT                                    /s/ Sid Childress

By:/s/ Leticia Santos McPherson

Deputy

Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
505-433-9823
Attorney for Plaintiffs

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

